UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIE H. KRAKOW, an individual; )
on behalf of plaintiff and all others )
similarly situated, )
                                      )
Plaintiff, )
                                      )
              vs. )                 2:17-cv-11289-MFL-APP
                                      )
DYNAMIC RECOVERY )
SOLUTIONS, LLC; )
USI SOLUTIONS, INC.; )
DE VILLE ASSET MANAGEMENT LP, )
VIP CAPITAL CORPORATION, and )
GENERAL ASSET )
MANAGEMENT, LLC, )
                                      )
Defendants. )

## **FIRST AMENDED COMPLAINT – CLASS ACTION**

### INTRODUCTION

*Plaintiff is not aware of any related cases.*

1. Plaintiff Julie H. Krakow seeks redress from unlawful credit and collection practices engaged in by defendants Dynamic Recovery Solutions, LLC ("Dynamic"), USI Solutions, Inc. ("USI"), General Asset Management, LLC, and De Ville Asset Management, LP ("DAM"), which violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"). Also sued is the general partner of DAM, VIP Capital Corporation ("VIP").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.

Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct" and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D. Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

7. Plaintiffs specifically allege that defendants systematically engaged in collecting, or attempting to collect, time-barred debts, contrary to the FDCPA.

## VENUE AND JURISDICTION

8. This Court has jurisdiction under 15 U.S.C. §1692k, 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

9. Venue and personal jurisdiction in this District are proper because:

    a. Defendants' collection communications and activities impacted plaintiff within this District;

    b. Defendants do business within this District.

## PARTIES

10. Plaintiff is an individual who resides in Fenton, Michigan.

11. Defendant USI Solutions, Inc. ("USI"), is a Delaware corporation with principal offices at 408 Mill Street, Bristol, PA 19007. It does business in Michigan. Its registered agent and office is National Corporate Research, Ltd., 229 Brookwood Drive, Suite 14, South Lyon, MI 48178.

12. USI is engaged in the businesses of (a) collecting debts and (b) purchasing or claiming to purchase charged-off consumer debts, and enforcing the debts against the consumers.

13. USI has a web site (http://unitrustsolutionsinc.com/), where it describes its business as follows: "USI Solutions, Inc is a creditor's rights firm that specializes in debt collection. USI Solutions, Inc is committed to employing innovative and evolving strategies thru utilizing cutting-edge technology in every step of the collections process. We handle accounts in all phases of collections: before, during, and after suit, including post judgment remedies."

14. USI regularly uses the mails and telephones to collect debts.

15. USI is a debt collector subject to the FDCPA.

16. Defendant General Asset Management, LLC, is a limited liability company created under Florida law with its principal place of business at 6245 Powerline Rd, Suite 204, Ft. Lauderdale, FL 33309. It does business in Michigan. Its registered agent and office is Blake Johnston, 6245 Powerline Rd, Ft. Lauderdale, FL 33309.

17. General Asset Management uses the mails and telephone system in conducting its business.

18. General Asset Management is a debt collector subject to the FDCPA.

19. Defendant De Ville Asset Management LP ("DAM") is a limited partnership entity created under Texas law with its principal place of business at 1132 Glade Road, Colleyville, TX 76034. It does business in Michigan. Its registered agent and office is The Corporation Company, 40600 Ann Arbor Road East, Suite 201, Plymouth, MI 48170-4675.

20. Defendant DAM has a web site (http://devilleltd.com/), where it describes its business as follows: "DeVille Asset Management specializes in the acquisition of defaulted account receivable portfolios from consumer credit originators such as major banks, retailers, credit unions, utility providers, and municipalities. DeVille generates revenues primarily through the purchase, collection and sale of performing and non-performing consumer receivables that have typically been delinquent 90 days by the credit grantors or not considered to be prime

receivables. These receivables include MasterCard, Visa and other credit card accounts issued by banks."

21. DAM uses the mails and telephone system in conducting its business.

22. DAM is a debt collector subject to the FDCPA.

23. Defendant Dynamic is a limited liability company organized under South Carolina law with principal offices at 135 Interstate Boulevard, Suite 6, Greenville, South Carolina 29615.

24. Dynamic has a web site (http://www.gotodrs.com/), where it describes its business as follows: "With more than 50 combined years in the accounts receivables industry, our managing partners founded Dynamic in 2008. We are professionally staffed to provide nationwide consumer and commercial collection services to organizations including Banking, Student Loans, Heath Care, Retail, Telecommunications, Utilities, Legal, and Real Estate. Our strong track record in the late stage market, continued investment into the latest Technology and Analytics, and our commitment to quality, has positioned DRS as leader in receivables management outsource solutions."

25. Dynamic is engaged in the business of collecting charged-off consumer debts.

26. Dynamic uses the mails and telephone system in conducting business.

27. Dynamic is a "debt collector" as defined in the FDCPA.

28. VIP is the general partner of DAM. It is a Texas corporation with the same address as DAM. As general partner, the acts of DAM are attributable to it.

## FACTS

29. Defendants have been attempting to collect from plaintiff an alleged debt consisting of an old credit card balance, in the amount of $9,041, incurred for personal, family or household purposes and not for business purposes.

30. No payments have been made on the debt since 2008.

31. The debt is therefore well beyond the 6 year statute of limitations and the 7 year/ 7.5 year credit reporting period (7 years from chargeoff, 7.5 years from date of first delinquency

resulting in chargeoff).

32. On or about August 4, 2016, Dynamic sent plaintiff the letter attached as Exhibit A.

33. Exhibit A is the first letter plaintiff received from Dynamic regarding the debt described therein.

34. The alleged debt is owned by General Asset Management.

35. USI is a master servicer for General Asset Management and placed the debt with Dynamic for collection.

36. The relationship among GAM, USI, and Dynamic is one of principal (GAM), agent (USI), and subagent (Dynamic).

37. On information and belief, based on its contents, Exhibit A was the first letter Dynamic sent to plaintiff regarding the debt described therein.

38. On information and belief, Exhibit A is a form letter intended for use by Dynamic as the initial letter it sends to a consumer.

39. General Asset Management, USI, and Dynamic regularly attempt to collect debts on which the statute of limitations has expired.

40. Dynamic regularly sends letters in the form of Exhibit A on debts on which the statute of limitations have expired.

41. Exhibit A offers to settle the debt and offers a payment plan.

42. Exhibit A does not disclose that the statute of limitations has expired.

43. In February 2017, DAM reported the debt to Trans Union and possibly other credit bureaus, with a date of first delinquency of late 2009 or early 2010. As a result, TransUnion reported that the debt would remain on plaintiff's credit report until November 2017.

44. DAM provided false information to Trans Union concerning the date of first delinquency.

45. DAM provided false information for the purpose of causing the debt to remain on

plaintiff's credit report when it could no longer lawfully be reported.

46. Under the Fair Credit Reporting Act, 15 U.S.C. §1681c(a), with exceptions not here relevant, no consumer reporting agency may make any consumer report reporting "(4) Accounts placed for collection or charged to profit and loss which antedate the report by more than seven years." Under 15 U.S.C. §1681c(c), "The 7-year period referred to in paragraphs (4) . . . of subsection (a) of this section shall begin, with respect to any delinquent account that is placed for collection (internally or by referral to a third party, whichever is earlier), charged to profit and loss, or subjected to any similar action, upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceded the collection activity, charge to profit and loss, or similar action."

47. A copy of DAM's "tradeline" is attached as <u>Exhibit B</u>.

48. DAM provided such information for the purpose of collecting the debt.  Reporting a debt to a credit bureau is "a powerful tool designed, in part, to wrench compliance with payment terms. . . ." *Rivera v. Bank One,* 145 F.R.D. 614, 623 (D.P.R. 1993).

## COUNT I – FDCPA

49. Plaintiff incorporates paragraphs 1-48.

50. This claim is against Dynamic, General Asset Management, and USI.

51. It is the policy and practice of General Asset Management, USI, and Dynamic to send and cause the sending of letters seeking to settle debts that can no longer be collected by means of a lawsuit because the statute of limitations has run and do not disclose that fact.

52. The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm)

53. In early 2012, the FTC entered into a consent decree with Asset Acceptance, one

6

of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC,* Case No. 8:12-cv-182-T-27EAJ (M.D. Fla.).

54. On October 1, 2012, the Consumer Financial Protection Bureau, which has taken over much of the FTC's enforcement responsibility and has been granted rule-making authority with respect to debt collection, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency entered into consent orders with three American Express-related entities requiring disclosure that debts they attempt to collect were time-barred.  2012-CFPB-0002; 2012-CFPB-0003; 2012-CFPB-0004.  The orders require that "the Bank shall continue to provide disclosures  concerning the expiration of the Bank's litigation rights when collecting debt that is barred by the applicable state statutes of limitations . . . ." (2012-CFPB-0002, p. 6 of 35, 2012-CFPB-0003, p. 5 of 28).

55. On January 30, 2013, the FTC issued its report, *The Structure and Practices of the Debt Buying Industry*, available at http://www.ftc.gov/os/2013/01/ debtbuyingreport.pdf.  The report reaffirms its position in the *United States of America v. Asset Acceptance, LLC*, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012), *American Express Centurion Bank* (FDIC-12-315b, FDIC-12-316k, 2012-CFPB-0002), *American Express Bank, FSB* (2012-CFPB-0003) and *American Express Travel Company, Inc.* (2012-CFPB-0004) cases, that a defendant may violate the FDCPA by sending a collection letter demanding payment of a debt that is barred by the statute of limitations without disclosing that the debt was time-barred.

56. The report cites to a study (Timothy E. Goldsmith & Natalie Martin, *Testing Materiality Under the Unfair Practices Acts: What Information Matters When Collecting Time-Barred Debts?*, 64 Consumer Fin. L.Q. Rep. 372 (2010)) that establishes the disclosure that a debt is time barred in a debt collection letter is material to the consumer.

57. Courts have also held that the failure to disclose that a debt is time-barred is

misleading. *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014); *Buchanan v. Northland Group, Inc.,* 776 F.3d 393 (6th Cir. 2015).

58. General Asset Management, USI, and Dynamic engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by sending consumers letters, such as Exhibit A, seeking to collect on time-barred debts without disclosure of that fact.

59. Section 1692e provides:

> **§ 1692e.    False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)    The false representation of--**
>
> **(A)    the character, amount, or legal status of any debt; . . .**
>
> **(5)    The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**
>
> **(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

60. Section 1692f provides:

> **§ 1692f.    Unfair practices [Section 808 of P.L.]**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

## CLASS ALLEGATIONS

61. Plaintiff brings this claim on behalf of two classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

62. Class A consists of (a) all individuals in Michigan, (b) to whom a letter was sent on behalf of General Asset Management to collect a debt, (c) which debt was a credit card on which the last payment had been made more than 6 years prior to the letter, (d) which letter was sent on or after April 26, 2016 and on or before May 16, 2017.

63. Class B consists of (a) all individuals in Michigan, (b) to whom a letter was sent on behalf of USI to collect a debt, (c) which debt was a credit card on which the last payment had been made more than 6 years prior to the letter, (d) which letter was sent on or after April 26, 2016 and on or before May 16, 2017.

64. Class B consists of (a) all individuals in Michigan, (b) to whom Dynamic Recovery Solutions, LLC sent a letter to collect a debt, (c) which debt was a credit card on which the last payment had been made more than 6 years prior to the letter, (d) which letter was sent on or after April 26, 2016 and on or before May 16, 2017.

65. On information and belief, based on the use of form letter and the fact that debts are normally purchased, sold and placed in portfolios of debts of like nature and vintage, each class is so numerous that joinder of all members is not practicable.

66. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether a letter offering to settle a time-barred debt without disclosure of its time-barred nature violates the FDCPA.

67. Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

68. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

69. A class action is superior for the fair and efficient adjudication of this matter, in that:

   a. Individual actions are not economically feasible;

   b. Members of the classes are likely to be unaware of their rights;

   c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class

members and against defendants for:

      i.      Statutory damages;

      ii.      Any actual damages incurred by class members, including all amounts paid on time-barred debts;

      iii.      Attorney's fees, litigation expenses and costs of suit;

      iv.      Such other and further relief as the Court deems proper.

## COUNT II – FDCPA

70. Plaintiff incorporates paragraphs 1-48.

71. This claim is against VIP and DAM.

72. On information and belief, it is the policy and practice of DAM to report debts to credit bureaus that are no longer capable of being reported, and to misstate the date of first delinquency.

73. DAM engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(8), and 1692e(10), by engaging in such practice.

74. Section 1692e provides:

**§ 1692e.      False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)      The false representation of–**

**(A)      the character, amount, or legal status of any debt; . . .**

**(5)      The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

**(10)      The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

75. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

76. The class consists of (a) all individuals (b) with respect to whom DAM reported a debt to a credit bureau (c) that had been placed for collection or charged to profit and loss more than seven years previously, or with respect to which the date of the commencement of the delinquency which immediately preceded the collection activity, charge to profit and loss, or similar action had occurred more than 7 years and 180 days previously, (d) where the tradeline was on the individual's credit report at any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

77. On information and belief, the class is so numerous that joinder of all members is not practicable.

78. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether defendant DAM engages in the practice complained of and whether doing so violates the FDCPA.

79. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

80. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

81. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

    b. Members of the classes are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

      i.     Statutory damages;

      ii.    Attorney's fees, litigation expenses and costs of suit;

      iii.   Such other and further relief as the Court deems proper.

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By:   /s/ Adam G. Taub
       Adam G. Taub (P48703)
       17200 W 10 Mile Rd Suite 200
       Southfield, MI 48075
       Phone: (248) 746-3790
       Email: adamgtaub@clgplc.net

/s/ Daniel A. Edelman
Daniel A. Edelman
Cathleen M. Combs
EDELMAN, COMBS, LATTURNER
   & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
Email: dedelman@edcombs.com

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\33805\Pleading\First Amended Complaint_Pleading.wpd

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, hereby certify that on July 31, 2017, I caused to be filed the foregoing documents via the CM/ECF System, which sent notification of such filing to the following parties via electronic mail:

Jennifer W. Weller
jweller@hinshawlaw.com
*Attorney for Dynamic Recovery Solutions, LLC*

I further certify the following parties will be served by US mail:

DeVille Asset Managemant, LLP
c/o The Corporation Company
40600 Ann Arbor Road East, Suite 201
Plymouth, MI 48170

VIP Capital Corporation
2801 Paramount Blvd
Amarillo, TX, 79109

Sean Mathis
The Law Office of L. Sean Mathis
13155 Noel Road
Suite 900
Dallas, Texas 75240
*Attorney for De Ville Asset Management, LLC
and VIP Capital Corporation*

USI Solutions, Inc.
c/o National Corporate Research, Ltd.
229 Brookwood Drive, Suite 14
South Lyon, MI 48178

Charles W. Riter Jr.
USI Solutions, Inc.
408 Mill Street
Bristol, Pennsylvania 19007
*Attorney for USI Solutions, Inc.*

I further certify that I caused to be served the foregoing documents via process server on the parties listed below as soon thereafter as service may be effectuated:

General Asset Management
c/o Blake Johnson
6245 Powerline Road
Ft Lauderdale, FL 33309

                                              /s/Daniel A. Edelman
                                              Daniel A. Edelman